UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK BRIGHT,

                Movant,

           -v.-

UNITED STATES OF AMERICA,

                Respondent.

23 Civ. 4524 (KPF)
18 Cr. 56 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      In an Opinion and Order dated October 31, 2023, this Court denied Movant Frank Bright's motion to vacate his conviction pursuant to 28 U.S.C. § 2255. *Bright* v. *United States*, No. 18 Cr. 56-1 (KPF), 2023 WL 7167881, at *1 (S.D.N.Y. Oct. 31, 2023). (Dkt. #169).[1] In a submission dated November 21, 2023, Mr. Bright moved for the Court to reconsider its decision. (Dkt. #170). For the reasons set forth in this Order, the Court directs the Government and prior defense counsel to respond to Mr. Bright's reconsideration motion, and further appoints counsel to assist Mr. Bright in preparing his reply submission.

      Before addressing the specifics of Mr. Bright's reconsideration motion, the Court pauses to recount a portion of the procedural history of this case. On April 19, 2019, after obtaining a mistrial in his criminal trial, Mr. Bright pleaded guilty to Count One of the Indictment, which count charged him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (Minute Entry for April 19, 2019; Dkt. #85 (transcript of guilty plea ("Plea

---

[1]     Record citations in this Order are to the docket in the criminal case.

Tr."))).  During his plea allocution, Mr. Bright admitted that "[o]n December 24th, 2014, near 129th Street in Manhattan, I agreed with another person to rob oxycodone pills from two drug dealers.  During the robbery, Mr. Paulino was shot and killed.  I knew my actions were wrong and illegal."  (Plea Tr. 35; *see also id.* at 39 (acknowledging that the "agreement that you had was to rob drug dealers of what you understood to be oxycodone")).  The Court accepted Mr. Bright's plea and sentenced him principally to a term of 20 years' imprisonment on August 21, 2019.  (Dkt. #103 (judgment)).

After two trips to the Second Circuit, neither of which resulted in the vacatur of his conviction, Mr. Bright moved for such relief under Section 2255.  (23 Civ. 4524 Dkt. #1 ("Motion")).  The Court — as well as the Government and prior counsel — understood Mr. Bright's arguments to encompass two claims of ineffective assistance on the part of the counsel who had represented him at his trial and subsequent guilty plea:  *First*, Mr. Bright argued that prior counsel failed to advise him that the Government had disclaimed a prior intent to seek a superseding charging instrument, and that had he known of that decision, he would have proceeded to a second trial.  (Motion 5-9).  *Second*, Mr. Bright argued that counsel was ineffective in failing to move to dismiss the Indictment because it failed to state the object of the charged robbery.  (*Id.* at 9-11).  After obtaining sworn statements from prior counsel and reviewing the parties' extensive submissions, the Court denied both prongs of Mr. Bright's motion.  ((Dkt. #169)).

As Mr. Bright recognizes in the instant motion, the standard for reconsideration is a stringent one. (*See* Dkt. #170 ("Recon. Br.") at 2 (citing, *inter alia*, *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995)). Mr. Bright argues, however, that the Court and the Government overlooked an additional argument for vacatur — namely, that because Mr. Bright believed that the controlled substances that had been offered to co-defendant John Duncan were fake, he could not have conspired with Mr. Duncan to violate the Hobbs Act, and thus prior counsel erred in advising Mr. Bright to plead guilty to Count One. (Recon Br. 3-5 (citing Motion 11 ("Clearly, there had been no 'agreement' with Petitioner to do anything prohibited by federal law."))).

A quick review of Mr. Bright's reconsideration motion discloses several potential hurdles, including (i) the timeliness of his submission and (ii) the specific language of his allocution, which recites a conspiracy to rob others of oxycodone, and not a fake controlled substance. *See supra.* That said, before resolving Mr. Bright's motion, the Court wishes to hear from the Government and, as appropriate, from Mr. Bright's prior counsel. In consequence, the Court directs the Government to respond to Mr. Bright's motion for reconsideration on or before **February 29, 2024**. To the extent the Government believes that additional sworn statements or information from Mr. Bright's counsel would be useful to the Court, it may include them with its submission.

Additionally, Mr. Bright is directed to submit any reply papers on or before **April 19, 2024.** Given the novelty of the issues raised, the Court is

appointing counsel for Mr. Bright to assist him in his reply submission pursuant to the Criminal Justice Act.  In particular, the Court hereby reappoints Mr. Bright's prior appellate counsel, Brian Jacobs and the law firm of Morvillo Abramowitz Grand Iason & Anello PC, to represent Mr. Bright in connection with this motion.  Once appointed, counsel is directed to confer promptly with Mr. Bright to discuss his motion.

The Clerk of Court is directed to mail a copy of this Order to Mr. Bright's address of record, and to docket this Order in both cases listed in the caption.

SO ORDERED.

Dated: January 2, 2024
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge